Stephen B. Goldman
Arnold I. Rady
Gregory M. Reilly
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:	908.654.5000
Fax:	908.654.7866

*Attorneys for Plaintiff Kirker Enterprises, Inc.*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIRKER ENTERPRISES, INC., : | |
| Plaintiff, : | |
| v. : | Civil Action No. |
| MAX MAKEUP CHERIMOYA, SUNNA KIM : | District Judge |
| (a/k/a CLAIRE KIM a/k/a CLAIR WALDORF), : | |
| SUNNA KIM (d/b/a MAX MAKEUP : | Magistrate Judge |
| CHERIMOYA), JUNG HO YOO (a/k/a JEFFREY : | |
| YOO), and JUNG HO YOO (d/b/a MAX : | |
| MAKEUP CHERIMOYA), : | |
| Defendants. : | |
|  x | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Kirker Enterprises, Inc., by its undersigned attorneys, as and for its complaint of patent infringement against defendants Max Makeup Cherimoya, Sunna Kim (a/k/a Claire Kim a/k/a Clair Waldorf), Sunna Kim (d/b/a Max Makeup Cherimoya), Jung Ho Yoo (a/k/a Jeffrey Yoo), and Jung Ho Yoo (d/b/a Max Makeup Cherimoya) alleges and avers as follows:

## NATURE OF THE SUIT

This is an action for patent infringement under the United States Patent Statute (35 U.S.C. §§ 1 *et seq.*) arising from defendants' infringement of the patent-in-suit covering a cosmetic lacquer composition for application to fingernails and toenails.

## PARTIES

1. Plaintiff Kirker Enterprises, Inc. ("Kirker") is a New Jersey corporation having a place of business at 55 East 6th Street, Paterson, New Jersey 07524.

2. Upon information and belief, defendant Max Makeup Cherimoya is a business entity in California of unknown form having a place of business at 819 S. Gladys Avenue, Los Angeles, California 90021.

3. Upon information and belief, defendant Sunna Kim (a/k/a Claire Kim a/k/a Clair Waldorf) is an individual whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021, is the owner of U.S. Trademark Application No. 85/159,621 for the mark "Max Makeup Cherimoya;" and is and/or was an officer or owner of defendant Max Makeup Cherimoya.

4. Upon information and belief, defendant Sunna Kim (a/k/a Claire Kim a/k/a Clair Waldorf) is an individual doing business as Max Makeup Cherimoya, whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021.

5. Upon information and belief, defendant Jung Ho Yoo (a/k/a Jeffrey Yoo) is an individual whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021, and is and/or was an officer or owner of defendant Max Makeup Cherimoya.

6. Upon information and belief, defendant Jung Ho Yoo (a/k/a Jeffrey Yoo) is an individual doing business as Max Makeup Cherimoya, whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021.

7. The defendants Max Makeup Cherimoya, Sunna Kim (a/k/a Claire Kim a/k/a Clair Waldorf), Sunna Kim (d/b/a Max Makeup Cherimoya), Jung Ho Yoo (a/k/a Jeffrey Yoo), and Jung Ho Yoo (d/b/a Max Makeup Cherimoya) are hereinafter individually and collectively referred to as "Cherimoya."

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district under one or more of 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## BACKGROUND FACTS

10. Kirker is in the business of manufacturing, marketing, and selling nail polish products, including a composition that is covered by the patent-in-suit, which forms decorative random cracks after application to nails. Kirker's patented crackle composition is sold in this judicial district and throughout the United States through various retail stores.

11. Upon information and belief, each of the defendants Cherimoya is in the business of marketing, offering for sale, and/or selling within the United States and within the jurisdiction of this Court, a line of crackle nail polish products under the mark *Cherimoya*, which also forms random decorative cracks after application to nails.

## PATENT AT ISSUE

12. On August 10, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,935,590 to Mr. Dominick D. Razzano (now deceased), as legal owner for an invention entitled "Fingernail Lacquer Composition and Method of Application" ("the '590 Patent"). A copy of the '590 Patent is attached hereto as Exhibit A.

13. Kirker is the exclusive licensee under the '590 Patent, having the right to bring this infringement action pursuant to a written agreement with Mr. Razzano.

## CLAIM FOR RELIEF

14. Kirker realleges and incorporates herein the foregoing allegations in paragraphs 1-13, as if set forth in their entirety.

15. Upon information and belief, each of the defendants Cherimoya is marketing, offering for sale, and/or selling crackle nail polish products under the mark *Cherimoya* within the jurisdiction of this Court.

16. The products sold under the mark *Cherimoya* by defendants Cherimoya are cosmetic lacquer compositions for application to fingernails and toenails comprising a binder and a pigment.

17. The products sold under the mark *Cherimoya* by defendants Cherimoya comprise a binder and a pigment which, after application to a nail and after drying, form random cracks in the applied layer.

18. Upon information and belief, after a reasonable opportunity for further investigation or discovery, it is likely that Kirker will develop evidentiary support that defendants Cherimoya's crackle nail polish products marketed under the mark *Cherimoya* infringe one or more claims of the '590 Patent, and that said infringement has been done willfully and intentionally.

19. Defendants Cherimoya's marketing, selling, and/or offering for sale their crackle nail polish products that infringe one or more claims of the '590 Patent is a violation of Kirker's statutory rights under the United States Patent Statute (35 U.S.C. §§ 1 *et seq*.).

20. The foregoing acts of patent infringement by defendants Cherimoya have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to Kirker, and Kirker has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Kirker prays for the following relief:

1. For judgment that each of the defendants Cherimoya has infringed and is infringing one or more of the claims of the '590 Patent;

2.  For a permanent injunction prohibiting each of the defendants Cherimoya, including their officers, agents, employees, and all persons acting in concert or participation with them who receive actual notice of the Court's Order, from committing further acts of infringement, including direct infringement, inducing infringement of, or contributing to the infringement of the '590 Patent;

3.  For an Order directing the destruction of all infringing products in the possession of each of the defendants Cherimoya or in the possession of their distributors;

4.  For an accounting for damages;

5.  For an award of damages for each of the defendants Cherimoya's infringement of the '590 Patent, including lost profits and/or a reasonable royalty, together with interest (both pre and postjudgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

6.  For a determination that each of the defendants Cherimoya's infringement has been and is willful;

7.  For an award of treble the amount of damages and losses sustained by Kirker as a result of each of the defendants Cherimoya's infringement, under 35 U.S.C. § 284;

8.  For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285;

9.  For an award to Kirker of its reasonable attorney fees; and

10. For such other and further relief in law or in equity to which Kirker is justly entitled.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Kirker hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Kirker Enterprises, Inc.*

Dated: June 24, 2011    By: s/ Stephen B. Goldman
                            Stephen B. Goldman
                            Tel:   908.654.5000
                            E-mail: sgoldman@ldlkm.com
                                    litigation@ldlkm.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, there is currently pending before this Court, *Kirker Enterprises, Inc. v. Expression Beauty Works, Inc., De Roblin, Inc. (d/b/a Mia Secret), and Layla Cosmetics S.R.L.*, Civil Action No. 2:11-cv-02541-FSH-PS; and *Kirker Enterprises, Inc. v. Genosco (d/b/a KleanColor,* Civil Action No. 2:11-cv-03195-WJM-MF relating to the same patent in controversy.

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Kirker Enterprises, Inc.*

Dated: June 24, 2011    By: s/ Stephen B. Goldman
                            Stephen B. Goldman
                            Tel:   908.654.5000
                            E-mail: sgoldman@ldlkm.com
                                    litigation@ldlkm.com